HARLEY E. DUNN AND DONNA J. DUNN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dunn v. Commissioner
Docket No. 30798-87
United States Tax Court
T.C. Memo 1989-428; 1989 Tax Ct. Memo LEXIS 426; 57 T.C.M. (CCH) 1295; T.C.M. (RIA) 89428; August 15, 1989
*426 Held: Advances made by petitioner's wholly owned corporation to another corporation in which petitioner was a shareholder are not deductible by petitioner as bad debts. Harley E. Dunn, pro se. Edwina L. Charlemagne, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: By statutory notice dated June 17, 1987, respondent determined a deficiency in petitioners' 1981 Federal income tax in the amount of $ 70,719.22. The issues are whether petitioners are entitled to a business bad debt deduction pursuant to section 166 [1] in the amount of $ 170,493 and whether they are entitled *427 to a deduction for interest paid pursuant to section 163 in the amount of $ 3,580. Respondent's statutory notice made adjustments with respect to "IRS Audit Defense Fees," a "Previously Agreed Item," and "General Sales Tax." These issues were not addressed at trial and to the extent they have not been settled are deemed to have been conceded by petitioners and are to be taken account of in the parties' Rule 155 computation. FINDINGS OF FACT At the time they filed their petition, petitioners resided in Asheville, North Carolina. For several years preceding the year before the Court, petitioner Harley Dunn [2] was a shareholder in Smokey Mountain Enterprises, Inc. (Smokey Mountain Enterprises), which was engaged in the manufacture of wood stoves. During 1980, petitioner and the other shareholders of Smokey Mountain Enterprises decided to split the company up due in large part to disagreements as to how the company should be run. With the portion of Smokey *428 Mountain Enterprises' assets that he received, petitioner formed the Hedmark Corporation (Hedmark) which was and is still engaged in the energy products business. Hedmark was incorporated on October 20, 1980. On June 30, 1980, petitioner and Mike Brank incorporated Brank and Dunn, Inc. (Brank and Dunn) which was initially capitalized with $ 6,000 and a 1974 Ford Bronco vehicle. Brank and Dunn was to furnish equipment and management expertise to Troitino and Brown, Inc. (Troitino and Brown), a separate corporation in which Brank was a shareholder. Troitino and Brown had at one time been very successful in the custom stone business, but had lost a great deal of money in a failed coal mining venture. Shortly after it began doing business Brank and Dunn entered into certain heavy equipment leases for the benefit of itself and Troitino and Brown. The business of Troitino and Brown did not immediately turn around, and Brank and Dunn was unable to keep its payments current under its various equipment leases. In addition, the *429 Internal Revenue Service asserted that Brank and Dunn was liable for Troitino and Brown's unpaid payroll taxes. Between November 1980 and December 1981, Hedmark made payments with respect to these and other obligations of Brank and Dunn as follows: Date
Payee
Amount
11/06/80
Brank & Dunn, (IRS)
$  55,000.00
12/80
Carolina Leasing
3,536.33
1/23/81
Carolina Leasing
2,053.25
1/23/81
Brank & Dunn
12,000.00
2/02/81
Carolina Leasing
12,905.55
2/06/81
Sheridan, Inc.
50,000.00
3/16/81
Brank & Dunn
3,577.49
3/16/81
Carolina Leasing
29,652.86
3/27/81
Carolina Leasing
3,037.46
9/81
A & L Enterprises
268.61
9/17/81
Carolina Leasing
2,972.10
11/12/81
Rudy Gay Tire
296.73
11/27/81
Newbridge Motors
1,120.51
12/04/81
Carolina Leasing
3,300.00
Total
$ 179,720.89
No promissory notes were executed on behalf of Brank and Dunn in favor of Hedmark or petitioner. In 1981, petitioner executed three promissory notes in favor of Hedmark on the dates and in the amounts as follows: January 1, 1981
$  72,589.58
March 31, 1981
99,173.36
December 30, 1981
7,957.95
Total
$ 179,720.89
Each of the *430 notes was payable on the demand of Hedmark's board of directors, [3] but not later than 48 months from the date of the January 31 note and 36 months from the date of the other two notes. OPINION Petitioner argues that the payments made by Hedmark to Brank and Dunn were actually loans made by him with money which he borrowed from Hedmark. [4] However, petitioner has produced no evidence that Brank and Dunn was indebted to him, nor has he shown that he personally advanced any funds to Brank and Dunn. The fact that petitioner executed promissory notes in favor of Hedmark in an amount equal to the expenditures which Hedmark previously made on behalf of Brank and Dunn does not prove that Brank and Dunn was actually indebted to petitioner. We therefore find that petitioner has not met his burden of proof and find for respondent on this issue. *431 Respondent's disallowance of petitioner's interest deduction to the extent of $ 3,580 is based upon respondent's determination that payments during 1981 on a debt owed by petitioner was improperly allocated between principal and interest. Petitioner has produced no evidence to show that respondent's determination is erroneous. We therefore hold for respondent on this issue. Accordingly, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Donna J. Dunn is a petitioner solely because she signed a joint return with Harley E. Dunn; all further references to petitioner are to Harley E. Dunn.↩
3. Although petitioner was Hedmark's sole shareholder, the record does not reflect Hedmark's board of directors' membership.↩
4. The record does not explain the discrepancy between the amount of the deduction claimed, $ 170,493, and the stipulated amount of Hedmark's payments on behalf of Brank and Dunn and the total of the promissory notes signed by petitioner, both of which were $ 179,720.89.↩